**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Natasha Shealy, Vernon L. Smith, Margaret Smith, and Thomas Smith, Defendants,

Of whom Natasha Shealy is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2020-000096

---

Appeal From Laurens County
Mindy W. Zimmerman, Family Court Judge

---

Unpublished Opinion No. 2020-UP-251
Submitted August 13, 2020 – Filed August 21, 2020

---

**AFFIRMED**

---

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Rosemerry Felder-Commander, of the South Carolina Department of Social Services, of Laurens, for Respondent.

Marcus Wesley Meetze, of Law Office of Marcus W. Meetze, LLC, of Simpsonville, for the Guardian ad Litem.

—————————

**PER CURIAM:** Natasha Shealy (Mother) appeals the family court's judicial review order that placed custody of her minor child (Child) with a relative; allowed the Department of Social Services to close its case and forego providing further services; permitted Mother visitation with Child when Child's therapist recommended it; and instructed Mother, Child, and their therapists to work on Mother and Child's relationship. *See* S.C. Code Ann. § 63-7-1700 (Supp. 2019); S.C. Code Ann. § 63-7-1640 (Supp. 2019). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling and relieve Mother's counsel.

**AFFIRMED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

—————————

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.